UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM BILLY GENE CARTER,          )
                                    )
        Petitioner,                 )
                                    )
vs.                                 )      Case No. 4:12-CV-675-JCH
                                    )
MARTHA MARTIN,                      )
                                    )
        Respondent.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of William Billy Gene Carter for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

**The Petition**

Petitioner, who is confined at the Sex Offender Rehabilitation & Treatment Services Unit at the Fulton State Hospital, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his present detention violates his "contract plea agreement." In addition, petitioner is challenging his confinement at Fulton State Hospital, because he believes it is a "maximum security facility," and he states that his treatment program is "qualitatively different from other conditions of release because it involves intrusive and behavior-modifying techniques." Petitioner asks this Court to

release him from the "Sexual Predator Act" and to allow him to withdraw his 2002 state-court guilty plea.

## Discussion

Upon review of the petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. <u>See</u> Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01; <u>cf.</u> <u>Haley v. Groose</u>, 873 S.W.2d 221, 223 (Mo. banc 1994) (prisoner may obtain state habeas corpus review of prison conditions that constitute cruel and unusual punishment; mandamus appropriate writ to compel prison officials to remove prisoner from administrative segregation). As such, petitioner has available procedures that he must exhaust.

Moreover, notwithstanding petitioner's failure to exhaust available state remedies, this Court may deny an application for a writ of habeas corpus on the merits. <u>See</u> 28 U.S.C. § 2254(b)(2). Petitioner's challenge to his present civil detention at the Fulton State Hospital simply does not rise to the level of a constitutional deprivation and is legally insufficient to establish a denial of rights secured under the Constitution

or laws of the United States. Petitioner's confinement at the SORTS unit of the Fulton State Hospital comports with Missouri law; Missouri Revised Statute § 632.489.1 specifically authorizes the transfer of a sexually violent predator "to an appropriate secure facility." Furthermore, to the extent that petitioner is asking this Court to review or overturn an earlier Missouri state-court judgment, his remedies lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue to respondent at this time, because petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction, and his claims are not cognizable under § 2254, given that they are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this memorandum and order.

Dated this 11th day of June, 2012.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**